UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-00924-CR-SEITZ/SIMONTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRAIG TAYLOR,

    Defendant.
_____/

### REPORT AND RECOMMENDATION RE: DENIAL OF DEFENDANT'S MOTION LETTER

This matter came before the Court on Defendant Craig Taylor's Motion Letter (DE # 515). The Honorable Patricia A. Seitz, United States District Judge, has referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation (DE # 516). The undersigned ordered that the Government respond to the Motion (DE # 517), and the Government has filed its Response (DE # 518). After a review of the record as a whole, and for the reasons stated below, the undersigned respectfully recommends that the Motion be denied.

    I.    **BACKGROUND, MOTION, AND PARTIES' POSITIONS**

Defendant Craig Taylor is currently serving his sentence imposed after he pled guilty to Count VII of the Indictment (DE # 3), for conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In his Motion Letter, the Defendant states that, when he was sentenced by the Court on May 31, 2000, the Court ordered that his sentence run concurrently with that of sentences imposed on him in two other federal criminal cases (Case No. 97-00274-CR-UUB in the Southern District of Florida, and Case No. 4:97CR49-01 in the Northern District of Florida). The Defendant claims that the Federal Bureau of Prisons ("BOP") has refused to honor the sentence

ordered by the Court in this case, resulting in a longer sentence than the Court allegedly intended. Specifically, the Defendant argues that he should have only served 188 months, instead of 218 months and 19 days. Defendant Taylor, thus, requests that the Court notify BOP of this error. Defendant Taylor concludes by stating that he feels remorse for his past criminal acts, and he is ready to reenter society.

In its Response to Defendant's Motion Letter (DE # 518), the Government states that Fed. R. Crim. P. 35(a) precludes any relief for the Defendant. Additionally, the Government argues that the Defendant raised "essentially the same issues" in earlier motions to amend the judgment and for reconsideration, which the Court has denied. Finally, the Government provides the Declaration of Marcus Boudreaux, a management analyst for BOP (DE # 518-1). Mr. Boudreaux avers that the Defendant has exhausted his administrative remedies in seeking to have his sentence computation adjusted through BOP, and the Defendant's sentence has been properly computed and explained to him. The Declaration states that the expected release date for the Defendant is February 13, 2013.

Prior to the Motion Letter, on November 16, 2010, the Defendant filed a Motion to Amend Judgment and Commitment Order and Request for an Evidentiary Hearing (DE # 503). In that Motion, the Defendant asked the Court to modify the Judgment in a Criminal Case (DE # 336) to reflect what Defendant argued was the understanding and intent of the parties and the Court. Specifically, Defendant contended that the intent of the Court was for the sentence in this case to be coterminous with the sentences in the other two federal criminal cases noted above, and for the record to reflect 27 months of credit for time served prior to receiving the sentence in this case (DE # 503 at 1). Thus, the Defendant requested that the Judgment be amended to include the "coterminous" language, or that his sentence be amended and reduced by 27 months, making him immediately eligible for release (DE # 503 at 2).

In support of that Motion, the Defendant recounted the procedural history in the three federal criminal cases, focusing on the dates and details of his sentencing in each. The Defendant claimed that, because the three cases were related, the parties and the Court in this case had agreed that the respective sentences should run concurrently and be coterminous (DE # 503 at 3). The Defendant noted that the BOP had his release date set for 2013.

The Court denied that Motion. In the Order Denying Motion to Amend Judgment (DE # 511), the Court stated that a court can only modify a sentence if the Director of BOP files a motion, if a motion is timely filed under Fed. R. Crim. P. 35, or in certain instances when the Sentencing Commission reduces a guideline range. Since none of the above conditions had been satisfied, the Court stated that it would deny the Motion. The Court added that "the facts Taylor asserts as grounds for an amendment are clearly refuted by the record" (DE # 511 at 2). In particular, the Court stated that both the Government and the Court rejected at the sentencing hearing the Defendant's claim that he should be credited for time served under the other two federal criminal cases, or that his sentence could be coterminous. Thus, the Court declared, the parties and the Court never intended for Taylor to receive credit for time served (DE # 511 at 2).

Then, on December 16, 2010, the Defendant filed a Motion for Reconsideration (DE # 512), further detailing his arguments for why he should receive credit for time served. In its Order Denying Motion for Reconsideration (DE # 514), the Court denied the Motion because the Defendant had not demonstrated any intervening change in the controlling law, provided new evidence, or demonstrated clear error or manifest injustice. As the Court stated, "[T]o demonstrate clear error, [the Defendant] must do more than simply restate previous arguments[,] which is all he has done" (DE # 514 at 1). The Court further noted that a motion for reconsideration cannot be used to re-litigate old matters or ask the Court to rethink what has already been thought through.

## II. LEGAL ANALYSIS

The Court must first determine the purpose of the Defendant's *pro se* Motion Letter in order to identify the proper legal standard to apply to it. While the Defendant's Motion Letter states that the BOP has failed to adhere to the Court's Judgment to run the sentence in this case concurrently with those in the other two federal cases, the details provided in the Motion and its attachments make clear that the Defendant's true purpose is to have the Court declare that the sentence is this case should be coterminous with the sentences in the other two cases, and/or that he should be credited in this case with time served prior to imposition of his sentence in this case.

As evidence of this true intent, Defendant states in the Motion Letter, dated March 26, 2012, that he has served nearly 15 years, contrary to the 13 ½ years calculated by this Court at the sentencing hearing. The date of imposition of the Judgment, however, was May 31, 2000, and the Judgment was entered on June 16, 2000 (DE # 336). Thus, the Defendant is indirectly referencing time served prior to the sentence in this case as part of his plea to have that time credited toward the sentence in this case. Revealing even more explicitly his principal contention, the Defendant states that he has exhausted all of his administrative remedies "to correct this serious issue" but, in so arguing, refers to a copy of a BOP administrative appeal (attached to the Motion Letter) in which the Defendant makes clear that he believes Judge Seitz intended for the three sentences to be coterminous. Specifically, in the administrative appeal, the Defendant states that he is challenging whether he should receive credit for time spent in federal detention on all three sentences, including "the last sentence imposed," i.e., that by this Court (DE # 515 at 5). The Defendant continues, "Judge Seitz wanted all of my sentences to start and end at the same time just as Judge Hinkle [in the case in the Northern District of Florida] did previously" (DE # 515 at 5).

4

As described above, however, the Defendant has already raised these bases for modifying his sentence in his earlier Motion to Amend Judgment and Commitment Order and Request for an Evidentiary Hearing (DE # 503), which the Court considered and denied (DE # 511). Moreover, the Defendant has already moved for the Court to reconsider its Order Denying Motion to Amend Judgment, and the Court denied the Motion for Reconsideration as well (DE # 514). Thus, the Motion Letter appears to be little more than a second motion for reconsideration because, even construing the *pro se* Defendant's Motion Letter liberally, it merely raises the same (or very similar) arguments as those raised in the earlier motions to modify the Defendant's sentence. Moreover, whereas the earlier Motions provided greater detail as to Defendant's arguments in this respect, the brief Motion Letter does little more than offer a general reference to these earlier arguments.[1]

As the Court noted in its Order Denying Motion for Reconsideration (DE # 514), the principal bases to justify a motion for reconsideration are an intervening change in the law, availability of new evidence, or to correct clear error or prevent manifest

---

[1] In addition, aside from the failure to establish grounds for reconsideration, the undersigned notes that it is clear from the sentencing transcript that Judge Seitz did not intend for Mr. Taylor to receive credit for time served in connection with his two previous cases, and that the Court anticipated a release date in 2013:

| | |
|---|---|
| THE COURT: | [I]f he continues to conduct himself in a model manner he will be out by the year 2013. |
| …. | |
| [DEFENSE COUNSEL]: | One concern that I have, Judge, is that on this sentence that you give him today on this case he might not get credit for the time he has been in jail. |
| THE COURT: | He cannot because he is serving those two sentences. |

(DE # 506 at 23). Thus, the Bureau of Prisons has correctly refused to give credit for time served in its calculation of the Defendant's release date with respect to the case at bar.

5

injustice.  *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).  Also as the Court noted earlier, clear error cannot be established simply by restating previously presented arguments.  *Bautista v. Cruise Ships Catering & Service Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).

The undersigned finds that the Defendant has simply presented the same arguments again, which cannot provide a basis for reconsideration.  Additionally, the Defendant's Motion Letter does not suggest that a change in the law or new evidence necessitate reconsideration of the Judgment.  Therefore, the undersigned finds no basis for reconsidering the Court's earlier Orders.  Thus, the undersigned recommends that the Court deny the Motion Letter, which the undersigned construes as a second motion for reconsideration.

Therefore, it is hereby

**RECOMMENDED** that Defendant Craig Taylor's Motion Letter (DE # 515) be **DENIED**.

The parties will have fourteen calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge to whom this case is assigned.  Pursuant to Fed. R. Crim. P. 59, failure to file objections timely waives a party's right to review, and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.  *See Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers, in Miami, Florida, on January 4, 2013.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

The Honorable Patricia A. Seitz,

**United States District Judge**
**Counsel of Record**
**Pro Se Defendant Craig Taylor at:**
    **Dismas House Charities Inc.**
    **141 NW 1st Avenue**
    **Dania, FL 33004**